IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, Northern DIVISION

| | |
|---|---|
| DUANE MORLEY COX, <br><br> Plaintiff, <br> v. <br><br> UTAH DIVISON OF WATER RIGHTS, and <br> KENT L JONES, P.E. (in his official capacity), <br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 1:10-cv-194 DB <br><br> District Judge Dee Benson <br><br> Magistrate Judge Brooke Wells |

Before the Court is Defendants' Motion to Dismiss,[1] and Plaintiff's Motion for Order to Clarify Petitioner's Rights,[2] and Motion to Strike Defendants' Motion to Dismiss.[3] Defendants move to dismiss under Federal Rule 12(b)(1) for lack of subject-matter jurisdiction; Rule 12(b)(2) for lack of personal jurisdiction; and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. As outlined below, the Court agrees with Defendants arguments and recommends that the Motion to Dismiss be GRANTED.

## BACKGROUND

Duane Cox, who is acting pro se in this matter, filed a Permanent Change Application (Number 25-10914 a35063) with the Utah State Engineer on November 24, 2008, in the names of Duane Morley and Jeanne Cox to add an additional point of diversion and additional uses of 72 acre-feet of water.[4] Defendant, via an informal administrative decision-making process, denied the Application on June 15, 2010.[5] Plaintiff filed a Request for Reconsideration of that

---

[1] Docket no. 7.

[2] Docket no. 9.

[3] Docket no. 11.

[4] Pla. Complaint ex. F.

[5] *Id.* ex I.

denial on June 28, 2010.[6] Defendant granted the Request for Reconsideration.[7] Then, on September 21, 2010, Plaintiff filed another Request for Reconsideration.[8] Defendant issued an Amended Order on the Application on October 7, 2010, also through an informal administrative process.[9] Plaintiff filed a Request for Reconsideration of the Amended Order on October 12, 2010,[10] that Defendant denied on October 28, 2010.[11]

Shortly thereafter on November 23, 2010, Plaintiff filed the instant action titled as "Petition for judicial review of letter 'order' by state engineer dated 28 October 2010, and petition for directed verdict." In this "Complaint," Plaintiff alleges the Court has jurisdiction where there are alleged violations of rights under the U.S. Constitution. Additionally, Plaintiff states "this Court has concurrent jurisdiction with Utah Courts pertaining to violations of Utah Statutes."[12]

## DISCUSSION

Defendants move to dismiss Plaintiff's Complaint. Defendants raise the following arguments: 1) "Utah law provides the exclusive remedy for review of a State Engineer administrative decision – a *de novo* review action in State district court"[13]; 2) even if this Court had jurisdiction to review the State Engineer administrative decision it should abstain because Utah law provides for appropriate judicial review; 3) Plaintiff's constitutional issues should only be heard as a last resort; and 4) the State of Utah, the Division of Water Rights, and state

---

[6] *Id.* ex. J.

[7] *Id.* ex. A.

[8] *Id.* ex. K.

[9] *Id.* ex. M.

[10] *Id.* ex. N.

[11] *Id.* ex. O.

[12] Compl. P. 1.

[13] Mtn. to dismiss p. 3.

engineer Kent Jones are immune from suit pursuant to the Eleventh Amendment of the U.S. Constitution.

In response to Defendants' motion, Plaintiff filed a Motion to Strike the Motion to Dismiss,[14] and a Motion for Order to Clarify his rights.[15] The Court finds these motions to be meritless. Contrary to Plaintiff's position, the State Division of Water Rights has not failed to Answer Plaintiff's Complaint within the 21 day time period. Instead, pursuant to Federal Rule 12, Defendant filed an appropriate jurisdictional defense before filing an Answer.[16] Thus, there is no basis for Plaintiff to file an *ex parte* motion for a directed verdict or default judgment. Further, the court finds there is no reason to strike any language in Defendants' Motion to Dismiss simply because a Utah Assistant Attorney General is representing more than one State defendant in this case.

The Utah Administrative Procedures Act (UAPA) provides that "The district courts have jurisdiction to review by trial de novo all final agency actions resulting from informal adjudicative proceedings . . ."[17] The appropriate section of the Utah code that deals with water and irrigation rights provides for judicial review of an engineer's decision in accordance with UAPA.[18] This review is to be conducted by a state district court, not a federal court. There simply is no statute that grants this Court authority to hear this matter.

Additionally, the United States Supreme Court has recognized that federal courts should abstain from reviewing certain matters that are best left "for the formation of policy and

---

[14] Docket no. 11.

[15] Docket no. 9.

[16] *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

[17] Utah Code Ann § 63G-4-402(1)(a) (2009).

[18] *See id.* 73-3-14(1)(a) (2010).

determination of cases by the . . . state courts."[19]  In essence, "[i]f adequate state court review of an administrative order based upon predominantly local factors is available, intervention of a federal court is not necessary for the protection of federal rights."[20]  The *Burford* doctrine, as this is often called, has consistently been applied by the 10th Circuit and this Court.[21]  The Court concludes this doctrine applies in this case.  Therefore, Defendants' Motion to Dismiss should be granted.

### RECOMMENDATION

Based upon the foregoing, the Court recommends that Defendants' Motion to Dismiss be GRANTED[22] and Plaintiff's motions be DENIED or deemed MOOT.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within 14 days after being served with a copy.[23]  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 23 February 2011.

Brooke C. Wells
United States Magistrate Judge

---

[19] *Burford v. Sun Oil*, 319 U.S. 315, 333-34 (1943).

[20] *Robert-Gay Energy Enterprises, Inc. v. State Corp. Com'n of Kansas*, 753 F.2d 857, 860 (10th Cir. 1985).

[21] *See, e.g., Johnson v. Rodrigues (Orozco),* 226 F.3d 1103 (10th Cir. 2000) (recognizing *Burford* abstention doctrine); *Robert B Gay Enterprises, Inc. v. State Corporation Com'n of Kansas*, 753 F.2d 857 (10th Cir. 1985); *Stitching Mayflower Mountain Fonds v. Park City Mun. Corp*, WL 1473011 (D. Utah April, 11 2006) (invoking *Burford* abstention).

[22] Because the Court concludes that it lacks jurisdiction to hear this case and that the *Burford* doctrine applies, the Court does not address Defendants remaining arguments in its Motion to Dismiss.

[23] *See* Fed. R. Civ. P. 72(b)(2).